```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

JANE MEAD,                         :
   Plaintiff,                      :
                                   :
v.                                 : Civil No. 3:15CV1331 (AWT)
                                   :
CAROLYN W. COLVIN,                 :
ACTING COMMISSIONER OF SOCIAL      :
SECURITY,                          :
   Defendant.                      :
```

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

The court's function when reviewing a denial of disability benefits is first to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion, and then whether the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).  Absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

The plaintiff contends, inter alia, that given the nature of an autoimmune illness like systemic lupus erythematosus ("Lupus"), the ALJ erred, at a minimum, by dismissing Lupus symptoms as intermittent without evaluating how the symptoms

affect functional limitations.  The court agrees that the ALJ's opinion does not reflect that he or she properly addressed the fact that intermittent symptoms are characteristic of Lupus.

In Green-Younger v. Barnhart, 335 F.3d 99 (2d Cir. 2003), where the impairment at issue was fibromyalgia, the court recognized the need for remand when an ALJ appears to have misunderstood the nature of the plaintiff's condition.  Thus, the court concluded that the decision was "based on an erroneous legal standard and . . . not supported by substantial evidence," id. at 109, because the ALJ "effectively required 'objective' evidence for a disease that eludes such measurement."  Id. at 108.  The court observed that "a growing number of courts, . . . have recognized that fibromyalgia is a disabling impairment and that 'there are no objective tests which can conclusively confirm the disease.' . . . Yet each of the AJL's determinations turned on a perceived lack of objective evidence."  Id.  Also, in Herrick v. Colvin, No. 3:14-cv-01426 (SRU) (Recommended Ruling Jan. 4, 2016), another case involving fibromyalgia, the court concluded:

> The ALJ's analysis, which centers on Plaintiff's subjective complaints of pain as not supported by objective medical evidence, fails to meaningfully consider whether fibromyalgia resulted in Plaintiff's symptoms fluctuating, and whether there were any resulting functional limitations stemming from that fluctuation. As a result, the Court cannot say that substantial evidence supports the RFC finding because the ALJ did not explain how Plaintiff's

2

>     symptoms – on their worst days – would be addressed by the assessed limitations.

Id. at 7-8.

Lupus was the condition at issue in Johnson v. Astrue, 628 F.3d 991 (8th Cir. 2011). There the court observed:

> SLE causes a person's immune system to attack and injure the body's own organs and tissues. Its cause is unknown, and diagnosis can be difficult. Symptoms vary greatly and may include: joint pain including arthritis, skin rashes, coughing and shortness of breath, fever, fatigue, weight loss, nausea and vomiting, headaches and confused thinking, kidney malfunction, and pericarditis (inflammation of the tissue surrounding the heart). "Almost every system of the body can be affected."

Id. at 993. The court took note of the fact that "[t]he severity of lupus fluctuates over time, with 'periods with mild or no symptoms, followed by a flare [during which] symptoms increase in severity and new organ systems may become affected.'" Id. (citing 4 The Gale Encyclopedia of Medicine 3616–17 (3d ed. 2006)).

In this case, the ALJ concluded that the plaintiff's Lupus was a severe impairment and found that the plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms testified to by the claimant. The ALJ's opinion reflects that Andre Diaz, M.D. had diagnosed the plaintiff with Lupus. When discussing Listing 14.02, the ALJ noted that the plaintiff "often reports dramatic symptoms, but physical examinations were less than impressive and revealed no more than

3

mild clinical signs. . . ." (Tr. 27). When determining residual functional capacity, the ALJ noted that, at the hearing, the plaintiff testified that she experiences weekly flare-ups and her symptoms included chronic pain, inflammation, fever, and infections. The ALJ concluded with respect to Lupus that the plaintiff's symptoms occurred "intermittently":

> Regarding the claimant's systemic lupus erythematosus, the claimant's symptoms occur intermittently, and though the claimant often reports dramatic symptoms, clinical signs were less impressive. For instance, treatment records from August, 2012 through October, 2012, showed that the claimant reported joint pain, and generalized weakness, but physical examination was unremarkable except for tenderness to palpation over the trapezius muscles. (Exhibit 19). Yet on other occasions, the claimant reported no joint pain or other musculoskeletal abnormalities."

(Tr. 29).

Although the ALJ acknowledged that the plaintiff's symptoms with respect to Lupus occurred intermittently, instead of considering that fact as something to be expected when reviewing a claim involving Lupus and taking that factor into account as part of the analysis, the ALJ concluded that the fact that the plaintiff's symptoms occurred intermittently undermined the credibility of the plaintiff's reports about her symptoms. Nor does it appear that the ALJ's analysis took into account the fact that because the cause of Lupus is unknown and diagnosis can be difficult, symptoms vary greatly. Moreover, the extent to which the ALJ did not credit the claimant's testimony because

4

her claimed symptoms were greater than the ALJ expected in light of the objective, clinical evidence and treatment notes is unclear.  For instance, the court cannot determine whether the ALJ found credible the claimant's testimony that "she has good days and bad days" and that "one to three days per week she cannot get out of bed". (Tr. 24).

As a consequence, the ALJ's analysis fails, at a minimum, to address whether the plaintiff's Lupus resulted in her symptoms occurring intermittently and whether there were any functional limitations resulting from the fact the plaintiff's symptoms were intermittent.  Therefore, the court cannot conclude that substantial evidence supports the RFC finding because it does not explain how the assessed limitations address the fact that the plaintiff has periodic flare-ups as a result of Lupus.

Finally, the court notes that failure of the ALJ's opinion to reflect an understanding of the nature of the plaintiff's Lupus raises substantial questions with respect to the weight given by the ALJ to the non-examining and examining medical sources.  (See Tr. at 29-31).

For the reasons set forth above, Plaintiff's Motion for Order Reversing the Decision of the Commissioner or In the Alternative Motion for Remand for a Hearing (Doc. No. 13) is hereby GRANTED, and Defendant's Motion for an Order Affirming

the Decision of the Commissioner (Doc. No. [18]) is hereby DENIED.  This case is hereby REMANDED to the Commissioner for rehearing consistent with this ruling.

    The Clerk shall close this case.

    It is so ordered.

    Dated this 27th day of March 2017, at Hartford, Connecticut.

                                 /s/AWT
                           Alvin W. Thompson
                   United States District Judge